IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENYAWII J. BYRD, ID # 654810,  )<br>   Petitioner,      )<br>vs.             )<br>              )<br>NATHANIEL QUARTERMAN,[1] Director, )<br>Texas Department of Criminal   )<br>Justice, Correctional Institutions Division, )<br>   Respondent.     )  | No. 3:08-CV-1414-B (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County capital murder conviction in Cause No. F93-02901-QU. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On October 6, 1993, petitioner was convicted of capital murder, and was sentenced to life imprisonment. (Pet. Writ Habeas Corpus (Pet.) at 2.) On December 7, 1994, the court of appeals affirmed his conviction. (*Id.*) Petitioner filed no petition for discretionary review. (*See id.* ¶ 9.) On

---

[1] Petitioner, a prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), names Brad Livingston as respondent. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "the petition must name as respondent the state officer who has custody" of petitioner. Petitioner challenges a conviction that has resulted in his incarceration in the TDCJ-CID, making Nathaniel Quarterman, Director of the TDCJ-CID, the proper respondent. Accordingly, the Court substitutes him as respondent. He has custody of petitioner.

October 30, 1996, the Texas Court of Criminal Appeals denied petitioner's first state application for writ of habeas corpus (WR-32,218-01). (*Id.* ¶ 11.) Petitioner filed a second application on September 23, 2003. (*Id.*) That application was dismissed on January 14, 2004, and a third one was dismissed on June 25, 2007. *See* Texas Court of Criminal Appeals, http://www.cca.courts.state.tx.us/opinions/casesearch.asp?CaseNumberNo=&DateFiled=&DateFiled2=&Style=Byrd%2C+Kenyawii&Style_2=&COACaseNumberNo= (accessed September 2, 2008) (following links to dispositions).

Petitioner filed the instant federal petition through counsel on August 13, 2008. Petitioner claims that he received ineffective assistance of counsel during his state criminal proceedings, and that his life sentence constitutes cruel and unusual punishment in light of *Roper v. Simmons*, 543 U.S. 551 (2005), which found that a sentence of death was cruel and unusual when applied to a juvenile offender. He contends that his offense occurred when he was a juvenile.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action

in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Although he relies upon *Roper* for his claims, that case has no applicability when the juvenile offender received a life sentence. *See Pineda v. Leblanc*, No. 07-3598, 2008 WL 294685, at *3 (E.D. La. Jan. 31, 2008) (accepting recommendation of Mag. J.); *Douma v. Workman*, No. 06-CV-0462-CVE-FHM, 2007 WL 2331883, at *3 (N.D. Okla. Aug. 13, 2007); *Culpepper v. McDonough*, No. 8:07-CV-672T-17TGW, 2007 WL 2050970, at *3 (M.D. Fla. July 13, 2007); *Smith v. Howes*, No. 06-CV-10905, 2007 WL 522697, at *2 (E.D. Mich. Feb. 14, 2007). Consequently, *Roper* has not recommenced the statutory period of limitations under subparagraph (C). As § 2244(d)(1) relates to this case, the Court will thus calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

**A. <u>Finality of Conviction</u>**

In this case, petitioner appealed his conviction but filed no petition for discretionary review (PDR). The state conviction therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.*, thirty days after the appellate court rendered its judgment on December 7, 1994. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th

3

Cir. 2003) (rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR). Petitioner's state judgment of conviction thus became final in January 1995.

**B. <u>One-year Grace Period</u>**

When a conviction becomes final before the April 24, 1996 enactment of the AEDPA, the petitioner has one year following the effective date of the Act in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). The one-year period of limitations does not apply prior to its effective date. Thus, no time may be counted against an inmate prior to April 24, 1996, the date the AEDPA was signed into law. Petitioner is entitled to the one-year grace period which would end, in the absence of tolling, on April 24, 1997.

**C. <u>Factual Predicate</u>**

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's grace period expired on April 24, 1997. At or before trial, petitioner would have known, or should have known through the exercise of due diligence, the factual predicate of his claims.

Because petitioner filed his petition more than one year after his grace period expired in April 1997, a literal application of § 2244(d)(1) renders petitioner's August 13, 2008 filing untimely.

4

## III.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added).  Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation not include any time during which his state habeas applications were pending before the Texas state courts.  *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Because petitioner is entitled to the one-year grace period that expired in April 1997, his state application decided in 1996 does not toll the limitations period – the grace period has already eliminated from the limitations calculation the time during which such application was pending. Furthermore, when petitioner filed his second state petition in September 2003, the statutory limitations and grace period had already expired.  Accordingly, the statutory tolling provision does not save petitioner's August 13, 2008 federal petition.  Further, nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

SIGNED this 2nd day of September, 2008.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE